Dear Ms. Jackson:
You advise this office that you are a Licensed Professional Counselor, having been issued a license by the Louisiana Licensed Professional Counselors Board of Examiners, a state board created in the Department of Health and Hospitals.[1] You are currently employed on a full-time basis by the Baton Rouge Community College in your capacity as a Licensed Professional Counselor. You ask this office to advise if state law allows you to engage in a professional services contract with the Department of Education as a grant reviewer.
At the outset, we note that Baton Rouge Community College falls under the jurisdiction of the Board of Supervisors governing the Louisiana Community and Technical Colleges System, pursuant to La.R.S. 17:3217.1(A)(1) and La.Const. art. VIII, § 7.1.[2] Baton Rouge Community College, as a school falling within the jurisdiction of the Board of Supervisors of Community and Technical Colleges, is an agency in the executive branch of state government, meaning that the employees of the College are considered "state employees" under La.R.S. *Page 2 42:62(3) and La.R.S. 42:62(6) of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq.[3] In accord is La. Atty. Gen. Op. 08-0356, copy attached.
Because you are a state employee, the provisions of La.R.S.39:1498(A)(4) are here of concern. La.R.S. 39:1498(A)(4) generally prohibits a state employee from entering into a professional services contract with a state executive branch agency,except as provided for in La.R.S. 39:1498.2, stating:
 § 1498.2 Professional, personal and consulting service contracts with state employees.
 A. State agency personnel in the medical, nursing or allied health fields, state employees who are qualified to serve as interpreters for the deaf, faculty members of public institutions of higher education, and state employees selected to serve as instructors in the paralegal studies course of the division of continuing education at a state college or university may be employed by other state agencies through a contract for professional, personal, consulting, or social services in accordance with rules and regulation adopted by the office of contractual review . . .
Of further relevance is that portion of La.R.S. 39:1498.2(A) which permits state employees who work in the "allied health field" to participate in professional service contracts with state agencies. In light of this statutory exemption, the issue to be determined is whether you work in an "allied health field" in your position as licensed professional counselor with Baton Rouge Community College.
A review of state law governing your profession reflects that, as a licensed professional counsel employed by Baton Rouge Community College, you are engaged in the practice of mental healthcounseling, as defined by La.R.S. 37:1107(10), providing:
 (10) "Practice of mental health counseling" means rendering or offering to individuals, groups, organizations, or the general public by a licensed professional counselor, any service consistent with his professional training as prescribed by R.S. 37:1107(A)(8), and code of ethics/behavior involving the application of principles, methods, or procedures of the mental health counseling profession which include but are not limited to: *Page 3 
 (a) "Appraisal", which means the use or administration of tests of language, educational and achievement tests, adaptive behavioral tests, and symptoms screening checklists or instruments, as well as tests of abilities, interests, and aptitudes for the purpose of counseling persons in coping with or adapting to, changing life situations that are due to problems in living.
 (b) "Consulting", which means interpreting or reporting scientific fact or theory to provide assistance in solving current or potential problems of individuals, groups, or organizations.
 (c) "Mental health counseling", which means assisting an individual or group, through psychotherapy and the counseling relationship, to develop an understanding of personal problems, to define goals, and to plan actions reflecting his or their interests, abilities, aptitudes, and needs as these are related to personal and social concerns, educational progress, and occupations and careers.
You provide "mental health counseling" services, and are licensed by a state board under the jurisdiction of the Department of Health and Hospitals, and as limited to these facts, we are inclined to consider you to be engaged in an occupation falling within ahealth field. However, we find further support for this conclusion in at least three separate provisions of state law. The first is La.R.S. 46:1151, a statute which authorizes the governing authorities of hospital service districts to establish scholarship programs for students "who will work in allied health professions". La.R.S. 46:1151(C) defines "allied health profession" to mean:
 any generally recognized medical profession or vocation including, but not limited to respiratory, vocational, physical and other therapies; medical, radiologic, and other technologists; pharmacists, social workers, and other similar professionals and vocations.
[Emphasis added].
We acknowledge that the occupation of social worker, governed by the provisions of La.R.S. 37:2701, et seq., is a separate and independent occupation from that of a licensed professional counselor. However, it is the opinion of this office that both occupations fall within the broad category of mental health professions, and for that reason, the occupation of licensed professional counselor is a vocation similar to that of social worker under the definition of "allied health profession" provided by La.R.S. 46:1151(C). *Page 4 
The remaining two statutes which support a finding that a licensed professional counselor holds an occupation within an "allied health field" are found within the provisions of the Malpractice Liability for State Services Act, La.R.S. 40:1299.39, et seq., and the Private Medical Malpractice Act, La.R.S. 40:1299.41, et.seq. These Acts both define "health care provider" to include persons who are licensed professional counselors. See La.R.S.40:1299.39(A)(1)(a)(ii) and La.R.S.40:1299.41(A)(10).[4]
We would also point out that La.R.S. 39:1490 provides that the Office of Contractual Review, within the Division of Administration, is granted the power and authority over the management of all professional, personal, consulting and social services. In accordance with La.R.S. 39:1490(B), the Office of Contractual Review has promulgated LAC 34:V.124, providing a list of occupations which fall *Page 5 
within the definition of medical, nursing or allied health fields given in La.R.S. 39:1498.2, indicating that personnel employed in these fields are exempt from the prohibition of La.R.S. 39:1498(4). The occupation of licensed professional counselor is not specifically listed in LAC 34:V.124. However, under La.R.S.39:1490(A), the rules and regulations promulgated by the Office of Contractual Review are valid and binding as long as they are "consistent with this Chapter governing the procurement, management, control, and disposal of any and all professional, personal, consulting, and social services . . ."
Notwithstanding LAC 34:V.124, it is the opinion of this office that a licensed professional counselor is an occupation in the "allied health field" under the exemption provided in La.R.S.39:1498.2. Our interpretation of state law permits you to engage in a professional services contract with the Department of Education during your employment with Baton Rouge Community College. It is our further opinion that LAC 34:V.124 should be amended to include licensed professional counselors within the list of exempt occupations. In the interim, the Office of Contractual Review, as the agency empowered by La.R.S. 39:1490(A) to "decide all matters of policy relative to professional, personal, consulting, and social services," is authorized to approve your contract with the Department of Education for consulting services.
Finally, you advise that your position with Baton Rouge Community College is unclassified, and we assume there are no civil service laws which would prohibit you from holding this professional services contract. We also assume your employer has no other personnel policy prohibiting you from participating in this contractual agreement. Please also be advised this office does not address ethical concerns which might be applicable under the Code of Governmental Ethics; however, you may obtain such an opinion from the Louisiana State Board of Ethics, P.O. Box 4368, Baton Rouge, Louisiana 70821, telephone: 225-219-5600.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 Attorney General
 BY: __________________________
 KERRY L. KILPATRICK
 Assistant Attorney General
 KLK:arg *Page 6 
Ms. Sandra G. Gillen, CPPB Director, Office of Contractual Review Division of Administration Post Office Box 94095 Baton Rouge, Louisiana 70804-9095
Mr. Paul Holmes Deputy General Counsel Division of Administration Post Office Box 94095 Baton Rouge, Louisiana 70804-9095
[1] La.R.S. 37:1101, et seq, is known as the Louisiana Mental Health Counselor Licensing Act. La.R.S. 37:1102(A) provides that those persons who render service to the public in the mental health counseling area are entitled to use the title "licensed professional counselor" once licensed by the Licensed Professional Counselors Board of Examiners.
[2] By the adoption of LSA-Const. art. VIII, § 7.1 in 1998, the system of public vocational-technical colleges and community colleges was transferred from the jurisdiction of the Board of Elementary and Secondary Education (BESE) to the Board of Supervisors of Community and Technical Colleges, effective July 1, 1999. See Act 170 § 5, of the 1998 Louisiana 1st Ex. Legislative Session.
[3] La.R.S. 42:62(3) defines "employment" as "any job compensated on a salary or per diem basis . . . in which a person is an employee of the state government or a political subdivision thereof."
[4] La.R.S. 40:1299.39(A)(1) provides, in pertinent part:
(1)(a) "State health care provider" or "person covered by this Part" means:
 * * *
(ii) A person acting in a professional capacity in providing health care services, by or on behalf of the state, including but not limited to a physician, psychologist, coroner, and assistant coroner who is a licensed physician when acting solely in accordance with the Mental Health Law as provided in R.S 28:50 et seq., provided that the premium costs of such malpractice coverage shall be the responsibility of the coroner's office, dentist, registered nurse, licensed practical nurse, nurse practitioner, clinical nurse specialist, pharmacist, optometrist, podiatrist, physical therapist, laboratory or X-ray technician, social worker, hospital administrator, or licensed professional counselor, who is either:
(aa) Acting within the course and scope of his employment pursuant to a contract with the state, which contract specially names that health care provider and designates him to render such health care services, pursuant to a staff appointment to a state hospital or other state health care facility, or pursuant to an assignment to render such health care services for or on behalf of the state, without regard to where the services are performed, whether or not he is paid for such services.
(bb) Performing voluntary professional or telemedicine services in a health care facility or institution for or on behalf of the state. La.R.S. 40:1299.41(A)(10) provides, in pertinent part:
(10) "Health care provider" means a person . . . licensed or certified by this state to provide health care or professional services as a physician, hospital, nursing home, community blood center, tissue bank, dentist, registered or licensed practical nurse or certified nurse assistant, offshore health service provider . . . certified registered nurse anesthetist, nurse midwife, licensed midwife, nurse practitioner, clinical nurse specialist, pharmacist, optometrist, podiatrist, chiropractor, physical therapist, occupational therapist, psychologist, social worker, licensedprofessional counselor, licensed perfusionist . . .